IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ISRAEL ALVARADO,** *et al.*
    *Plaintiffs,*

v.                                             No. 8:22-cv-01149-WFJ-CPT

**LLOYD AUSTIN, III,** *et al.*
    *Defendants.*

**PLAINTIFFS' UNOPPOSED MOTION TO TRANSFER**

Plaintiffs move to transfer this action to the U.S. District Court for the Eastern District of Virginia, Alexandria Division, where the Pentagon is located, pursuant to 28 U.S.C. § 1404(a). Defendants do not oppose this Motion.

On July 25, 2022, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction. *See* ECF 31. At the hearing, the Court appeared to agree that venue is proper in the Middle District of Florida because two Plaintiffs reside in the District, but the Court questioned whether venue was proper in the Tampa Division and directed the Parties to submit briefs today on whether transfer is appropriate. Plaintiffs respectfully submit that the instant unopposed motion obviates the need for such briefing, but unless directed otherwise by the Court, Plaintiffs will submit a brief today explaining why venue is proper in the Tampa Division. In the event the Court determines that venue is not proper in the Tampa Division, Plaintiffs alternatively seek transfer under 28 U.S.C. § 1406(a).

1

**ARGUMENT**

**I.     THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION.**

Transfer is warranted under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The purpose of § 1404(a) is to 'prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Brigade Holdings, Inc. v. Aegis Business Credit, LLC*, 2021 WL 3788952, at *1 (M.D. Fla. Aug. 26, 2021) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). The decision to transfer a case under Section 1404(a) rests within the Court's sound discretion, *see Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654-55 (11th Cir. 1993) (reviewing district court's transfer of venue for abuse of discretion).

"Cases may be transferred under § 1404(a) where the court finds transfer serves the interest of justice based on established public and private factors." *Brigade Holdings, Inc.*, 2021 WL 3788952, at *2. "Section 1404(a) also requires the alternative venue to be proper." *Id*. at *2 n.1. Because this action could have been brought in the Eastern District of Virginia, and the balance of convenience factors weighs in favor of transfer, the Court should transfer this action.

### A. This Action Could Have Been Brought in the Eastern District of Virginia.

The Eastern District of Virginia is a proper venue under 28 U.S.C. § 1391(e)(1). First, a majority of Defendants, and all of the Military Defendants—the Secretary of the Department of Defense ("DOD"), and the Secretaries of the Air Force, Army and Navy (the "Service Secretaries")—reside in the Eastern District of Virginia, where they perform their official duties. *See, e.g., Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) (explaining that residence under 1391(e) refers to "the official residence of the federal defendants where duties are performed"); *Bartman v. Cheney*, 827 F.Supp. 1, 2 (D.D.C. 1993) (holding that the Secretary of Defense can be sued in his official capacity under 28 U.S.C. 1391(e) in the Eastern District of Virginia); *Webster v. Mattis*, 279 F.Supp.2d 14, 19 (D.D.C. 2017) (same); *Smith v. Dalton*, 927 F.Supp. 1, 5-6 (D.D.C. 1996) (same for Secretary of Navy); *Jyachosky v. Winter*, 2006 WL 1805607, at *4 (D.D.C. June 29, 2006) (same); *Dehaemers v. Wynne*, 522 F.Supp.2d 240, 248 (2007) (same for Secretary of the Air Force); *Saran v. Harvey*, 2005 WL 1106347, at *2 (D.D.C. May 9, 2005) (same for Secretary of the Army). Venue is proper in a District so long as at least one federal Defendant resides in that district. *See* 28 U.S.C. § 1391(e)(1)(A) (venue proper where "a defendant in the action resides").

Second, "a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. 1391(e)(1)(B), in the Eastern District of Virginia. Plaintiffs challenge Defendants generally applicable regulations, directives, and policies, in particular, Secretary of Defense Austin's August 24, 2021 vaccine mandate ("DOD Mandate"), the DOD's directive not to grant any religious accommodation requests ("No Accommodation Policy"); and the regulations, directives and policies issued by the Service Secretaries to implement Secretary Austin's directives. All of these orders and directives were developed, issued and executed by Secretary Austin and the Service Secretaries, and other senior Pentagon officials, as part of their official duties and therefore occurred in the Eastern District of Virginia.

Moreover, the alleged constitutional injuries to at least one Plaintiff, Navy Chaplain Lieutenant Nathanael Gentilhomme, occurred at his duty station, the Marine Corps Air Facility in Quantico, Prince William County, Virginia, in the Alexandria Division. Specifically, the following events occurred in Quantico, Virginia: (1) his RAR appeal was denied so that his Religious Freedom Restoration Act and Free Exercise claims are unquestionably ripe; and (2) he was removed from the RAR process, removed from his chaplain position, and suffered other retaliatory acts that constitute acts in violation of Section 533, the Free Exercise Clause, Establishment Clause, the No Religious Test Clause

4

### B. The Balance of Convenience Factors and the Interests of Justice Weigh in Favor of Transfer.

The private factors that courts consider in evaluating the appropriateness of the transferee forum include: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; … and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Brigade Holdings, Inc.*, 2021 WL 3788952, at *2 (citations omitted).

Because Plaintiffs challenge generally applicable directives, orders and policies issued by the Secretary of Defense and the Service Secretaries, all of whom reside and perform their official duties in the Eastern District of Virginia, the relevant evidence will most easily be accessed in that District. Moreover, the Eastern District of Virginia is most convenient for all Defendants, including the other Defendants that reside just across the Potomac River in Washington, DC, for discovery, depositions, and trial, and there is no question as to the authority of courts in that District to compel testimony from unwilling witnesses. Further, all Plaintiffs' records are stored, maintained and/or accessible at the Pentagon or other DOD or Armed Services facilities in that District. Finally, the Eastern District of Virginia is more convenient for Defendants' counsel all of whom are based in this District or the District of Columbia.

The Eastern District of Virginia is also more convenient for Plaintiffs. Lead Counsel, Arthur Schulcz is admitted to the Eastern District of Virginia, and is a resident there, while co-counsel Brandon Johnson resides next door in Washington, DC, and Defending the Republic has an office in Alexandria, Virginia. Further, as noted above, Plaintiff Gentilhomme is stationed at Marine Corps Air Facility in Quantico, Prince William County, Virginia, in the Alexandria Division. Also, as noted above, at least one Plaintiff whose claims are ripe and who has standing to bring all Plaintiff claims, is stationed in the Alexandria Division of the District.

Courts also consider "public interest" factors favoring transfer, such as congestion in the local courts, the interest in having local matters resolved by local courts, *see Brigade Holdings Inc.*, 2021 WL 3788952, at *2 (citation omitted), and the relative expertise of the transferor and transferee courts. These factors are largely neutral or unknown, as Plaintiffs are not aware of the relative congestion of these courts, and Plaintiffs reside or are stationed in each District. Courts in both Districts are certainly competent to address claims like Plaintiffs'. There are several related cases in the Middle District of Florida. While, to the best of Plaintiffs' knowledge, there are no related actions in the Eastern District of Virginia, the courts in the Eastern District of Virginia certainly see a higher volume of cases in which the DOD and the Armed

6

Services are defendants, and courts have cited this as a factor favoring transfer to that District. *See, e.g., Webster*, 279 F.Supp.3d at 19.

## II. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' unopposed Motion to Transfer this case to the Eastern District of Virginia, Alexandria Division, and excuse the Parties from submitting the venue briefing due today.

Dated: July 27, 2022

Respectfully submitted,

*/s/ Arthur A. Schulcz, Sr.*
Arthur A. Schulcz, Sr., Esq.
DC Bar No. 453402
Chaplains Counsel, PLLC
21043 Honeycreeper Place
Leesburg, VA 20175
703-645-4010
art@chaplainscounsel.com

*/s/ J. Andrew Meyer*
J. Andrew Meyer, Esq.
Florida Bar No. 0056766
FINN LAW GROUP, P.A.
8380 Bay Pines Blvd.
St. Petersburg, Florida, 33709
Telephone: (727) 709-7668
ameyer@finnlawgroup.com

/s/ Brandon Johnson
Brandon Johnson
DC Bar No.491370
Defending the Republic
2911 Turtle Creek Blvd, Ste. 300
Dallas, Texas, 75219
Telephone: (214) 707-1775
bej@defendingtherepublic.org

*Attorneys for Plaintiffs*

## **LOCAL RULE 3.01(g) CERTIFICATION**

I HEREBY CERTIFY that on July 26 and 27, 2022, I conferred with Defendants' counsel, and that Defendants do not oppose this Motion.

*/s/ Brandon Johnson*
Brandon Johnson

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of July, 2022, I electronically filed the foregoing Plaintiffs' Unopposed Motion for Transfer, which will generate a Notice of Electronic Filing to all parties of record.

*/s/ Brandon Johnson*
Brandon Johnson